**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST | ) |
| 712 H Street, N.E. | ) |
| Suite 1682 | ) |
| Washington, D.C. 20002, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Case No. 1:25-cv-48 |
| | ) |
| FEDERAL TRADE COMMISSION | ) |
| 600 Pennsylvania Avenue, NW | ) |
| Washington, D.C. 20580, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the Federal Trade Commission ("FTC") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel FTC's compliance with the FOIA's requirements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants, electric light the most efficient policemen," PPT seeks to

promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant FTC is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). FTC has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On October 11, 2024, PPT submitted a FOIA request to FTC (attached as Exhibit A) seeking the following records:

> From July 15, 2024, through the date this request is processed:
>
> 1. Records relating to official travel undertaken by Commissioner Lina Khan. This should include any travel requests or invitations, travel briefings or memos, meetings and schedules relating to such travel, and travel expenses.
>
> 2. Records of ethics guidance provided to Commissioner Lina Khan for all travel and meetings.

7. Release of these records is in the public interest because it will contribute to the public's understanding of FTC's operations.

8. On October 11, 2024, FTC sent two emails to PPT. The first acknowledged receipt of the request and that it had been assigned the request number FOIA 2025-00107. The second stated that the status of the request had been updated to "Received."

9. Since its October 11th emails, FTC has gone silent regarding the request.

10. To date, FTC has not sent PPT a response to the request, a timeline or estimate for when it will do so, or any other communication regarding the request.

11. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

12. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

13. Over 89 days have elapsed since FTC received PPT's request, yet FTC still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). FTC has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold— along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

14. Given these facts, FTC has not met its statutory obligations to provide the requested records.

15. Through FTC's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

a.  PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

b.  PPT's request was a properly submitted request for records within the possession, custody, and control of FTC.

c.  FTC is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d.  FTC is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e.  FTC's failure to provide all non-exempt responsive records violates FOIA.

f.  Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring FTC to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant FTC complies with the requirements of FOIA and any and all orders of this Court.

(2) Order FTC to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other

litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.


Dated: January 8, 2025                         Respectfully submitted,

                                               PROTECT THE PUBLIC'S TRUST

                                               By Counsel:
                                               /s/ Jacob William Roth
                                               Jacob William Roth
                                               D.D.C. Bar ID: 1673038
                                               DHILLON LAW GROUP, INC.
                                               1601 Forum Plaza, Suite 403
                                               West Palm Beach, Florida 33401
                                               Telephone: 561-227-4959
                                               JRoth@Dhillonlaw.com


                                               *Counsel for the Plaintiff*